COMMONWEALTH *vs.* PIERCE O'CONNELL.

The mere grant of " exclusive jurisdiction " to a police court, by the statutes of the Commonwealth, over certain offences, does not exclude the authority of justices of the peace to receive complaints and issue warrants returnable before that court against persons charged with those offences.

COMPLAINT to a justice of the peace for an unlawful sale of intoxicating liquor in Williamstown, in violation of *St.* 1855, *c.* 215, § 15. The justice issued a warrant, returnable before the police court of Williamstown; and the defendant, being convicted in that court, appealed to the court of common pleas, and at July term 1857 moved that the proceedings be quashed, because they were commenced before a justice of the peace, notwithstanding the provision of *St.* 1855, *c.* 83, § 2, that original and exclusive jurisdiction of such offences should belong to the police court. *Sanger*, J. overruled the motion, and the defendant alleged exceptions.

*C. N. Emerson*, for the defendant.

*J. H. Clifford*, (Attorney General,) for the Commonwealth.

This case was decided at Boston in June 1858.

METCALF, J.  The act establishing a police court in the town of Williamstown ( *St.* 1855, *c.* 83, § 2,) provides that "the said court shall have original and exclusive jurisdiction over all crimes, offences and misdemeanors committed within said town, whereof justices of the peace now have or may have jurisdiction." And the question in the present case is, whether this provision excludes the authority of a justice of the peace to receive a complaint, and issue a warrant returnable before that court. This depends on the legal meaning and effect of the two words " exclusive jurisdiction "; for the word " original" adds nothing to the word " exclusive ;" inasmuch as exclusive jurisdiction is necessarily original, although original jurisdiction is not necessarily exclusive.

We have deemed it necessary to the decision of the question before us, to examine the whole legislation respecting police courts; and the substance of it is as follows:

All the acts establishing police courts, previously to *St.* 1849, *c.* 127, expressly recognized the authority of justices of the peace to issue warrants for offences cognizable by those courts, and directed that the warrants issued by them should be returnable to those courts. *Sts.* 1821, *c.* 109; 1831, *c.* 70; 1833, *cc.* 64, 192; 1834, *c.* 33; establishing police courts in Boston, Salem, Lowell, Newburyport and New Bedford, and incorporated into the Rev. Sts. *c.* 87; *Sts.* 1834, *c.* 97, 1848, *c.* 260, and 1849, *c.* 86, establishing such courts in Taunton, Lawrence and Lynn. The first statute, we believe, which gave to a police court, in express terms, " exclusive jurisdiction " over certain offences, without any provision as to warrants to be issued by justices of the peace, was that of 1849, *c.* 127, above referred to, establishing, for the second time, a police court in Taunton. Since the passing of that statute, several others, including that which is now before us, have been passed in similar terms. *Sts.* 1854, *cc.* 34, 60, 72, 249, 277, 312; 1855, *cc.* 153, 463; establishing police courts in Haverhill, Milford, Blackstone, Roxbury, Adams, Plymouth and Chicopee. But the *Sts.* of 1852, *cc.* 94, 304, and 1855, *c.* 26, establishing such courts in Springfield, Fall River and Chelsea, are in the terms of the earlier statutes. In *Sts.*

1850, *cc.* 58, 310, and 1855, *c.* 312, by which police courts were established in Springfield, Pittsfield and Lee, and exclusive jurisdiction was given to them over certain offences, justices of the peace were forbidden to issue warrants. This prohibition would hardly have been inserted, unless it was the sense of the legislature, that the mere grant of exclusive jurisdiction to those courts would not exclude the authority of justices of the peace to issue warrants.

The legislation respecting the police court in Blackstone, by which, after exclusive jurisdiction of certain offences had been given to that court, without any provision as to the issuing of warrants, an additional act was passed, authorizing justices of the peace to issue warrants returnable before that court, must be taken as an instance of extreme caution to exclude a wrong inference, and cannot control the meaning as ascertained from all other legislation on this subject. *Sts.* 1854, *cc.* 72, 345.

The legislature have repeatedly so used the words " exclusive jurisdiction," in acts establishing police courts, as to render it certain that they could not have meant exclusive authority to issue warrants returnable to those courts. Thus, the *St.* of 1834, *c.* 33, establishing a police court in New Bedford, contained this provision : " All writs and warrants issued by said court, or by any justice of the peace within said town of New Bedford, in all matters or cases whereof said court by this act has exclusive jurisdiction, shall be made returnable and shall be returned before said court." A provision, in like terms, was contained in the acts establishing police courts in Taunton and in Worcester. *Sts.* 1834, *c.* 97, § 2; 1848, *c.* 32, § 25. The *St.* of 1854, *c.* 335, which established a police court in Cambridge, contained a grant of exclusive jurisdiction in precisely the same terms as was granted to the police court in Williamstown by the statute now under consideration. Yet it contained this direction : " All warrants issued by the said court, or by any justice of the peace in Cambridge, in any criminal suit or prosecution, shall be made returnable before the said court." So of *St* 1857, *c.* 112, establishing a police court in Framingham, and *St.* 1858, *c.* 84, passed whilst this case was under advisement, establishing a new police court in Taunton.

In *Commonwealth* v. *Pindar*, 11 Met. 539, it was decided that the *St.* of 1833, *c.* 33, and the Rev. Sts. *c.* 87, did not confer on the police court in Lowell jurisdiction of offences committed in that place, exclusive of all the justices of the peace in Middlesex, but exclusive only of justices of the peace in Lowell, who might nevertheless, by those statutes, issue warrants returnable to that court. After that decision, it was enacted, by *St.* 1848, *c.* 331, § 4, that the exclusive jurisdiction of the crimes and offences, committed within the district of Lowell, should be vested in the police court in Lowell. Thereupon it was contended that justices of the peace could no longer issue warrants returnable before that court. But it was decided otherwise, and the *St.* of 1848 was held not to have taken away from justices the authority which they before had. *Commonwealth* v. *Roark*, 8 Cush. 210. The defendant's counsel, however, relies on a remark of the court in that case, that if the fourth section of *St.* 1848 had stood alone, the court would have inclined to the opinion that the original process in that case was unauthorized. And perhaps the court, in the present case, would have been of opinion that, if the second section of the statute establishing a police court in Williamstown (quoted at the beginning of this opinion) had stood alone, the defendant's motion to quash this indictment should prevail. But it does not stand alone. It must be taken in connection with various unsystematic statutes concerning police courts, extending over a period of thirty five years, from which we are to infer what the legislature mean, or at least what they do not mean, in a given case, by the words "exclusive jurisdiction." And after an examination and comparison of those statutes, we have come to this conclusion :

That when "exclusive jurisdiction" is given to a police court over certain enumerated or described offences, the authority of justices of the peace to receive complaints, and to issue warrants returnable before that court, against persons charged with hose offences, is not thereby excluded, unless there is, in the act establishing the court, or in a subsequent act, a superadded provision, by which such authority is excluded, either expressly or by necessary implication ; and that the grant to such court of

"exclusive jurisdiction," taken by itself alone, is a grant only of exclusive authority to try, or to examine and hold for trial, those who are charged with the offences of which such court has cognizance.

As authority is expressly given to a justice of the peace, in general terms, by the Rev. Sts. *c.* 135, to issue warrants returnable before some other justice or court, we are of opinion that such authority can be taken away, in a particular case, only by an explicit enactment. See *Commonwealth* v. *Wilcox*, 1 Cush. 503, 505. 　　　　　　　　　　　*Exceptions overruled.*